IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| M.F., *by and through her guardian, Ashley Berry, Esq.*, | Case No. 3:23-cv-04674-JDA |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| South Carolina Department of Social Services, Michael Leach, Christion Nesbitt, Phila Robertson, | |
| Defendants. | |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 46.] The motion is fully briefed [Docs. 52; 53] and ready for review. For the reasons discussed below, the Court grants Defendants' motion.

**BACKGROUND**[1]

In ruling on a motion for summary judgment, this Court reviews the facts and reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*,

---

[1] Pursuant to the undersigned's Rule 56 Summary Judgment Motion Procedures, https://www.scd.uscourts.gov/Forms/Scheduling_Orders/Austin_Rule_56.docx, the parties submitted a movants' statement of material facts [Doc. 47] and an opponent's statement of material facts [Doc. 52-1]. The parties could not agree on a joint statement of material facts as required by the Summary Judgment Motion Procedures. [*See* Docs. 47 at 1; 52 at 1 n.2; *see also* Doc. 52-9.] Further, the parties did not fully comply with the Court's requirements in that the movants' statement of material facts does not include separately numbered paragraphs that are each limited to a single material fact and no party indicated whether the other party's facts were "disputed" or "undisputed." Accordingly, the facts provided by both parties will be deemed undisputed for the purposes of the motion for summary judgment, and the Court will cite to these documents for the relevant facts included herein. *See* Summary Judgment Motion Procedures ("All facts asserted in the Movant's Statement of Material Facts or in the Opponent's Statement

550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

On approximately January 24, 2023, Defendant South Carolina Department of Social Services ("SCDSS") received a report of abuse of Plaintiff M.F.[2]:

> [Mother], adoptive mom lives in the home with [N.F.] 16, [M.F.] 16, [M.J.F.] 11, [K.F.] 4, [P.F.] 9, and [M.E.F.] 18. Also in the home are [Mother's Boyfriend] and Cassidy Cosby. Saturday night the family was having a gathering about issues going on in the home. It is alleged that one time [Mother's Boyfriend] walked in the room where [N.F.] and [M.F.] were changing and hid while the girls undressed. When this was brought up [Mother's Boyfriend] got upset and left the home (Drove off). [Mother] then kicked [N.F.] and [M.F.] out of the home. The 2 girls went to Charlotte, NC. It is alleged that [Mother's Boyfriend] also had a picture of [N.F.] saved as the screen saver on the phone. [N.F. and M.F.] are getting frustrated because they are having to watch the younger kids while they are on virtual school. [Mother] goes out with [Mother's Boyfriend]. The girls are in Charlotte and [Mother] has sent someone to go get them from the home they are at.

[Doc. 52-1 ¶ 2 (some alterations in original).]

Defendants Phila Robinson and Christion Nesbit,[3] SCDSS employees, conducted a pre-initial contact supervisory case consultation. [Docs. 1-1 at 3 ¶¶ 9, 10; 4 ¶¶ 9, 10;

---

of Material Facts shall be deemed admitted for the purpose of deciding the summary judgment motion unless specifically disputed or controverted as set forth herein, including specific, pinpoint references to evidence in the record.").

[2] The Complaint in this case involved allegations by two different minors, M.F. and N.F. [*See generally* Doc. 1-1.] However, on April 8, 2024, the Court dismissed N.F. from this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure [Doc. 27], and accordingly, only Plaintiff M.F. remains.

[3] Although these Defendants are referred to as "Phila Robertson" and "Christian Nesbitt" in the Complaint [Doc. 1-1 at 3 ¶¶ 9, 10], in their Answer, Defendants clarified that these names are correctly spelled "Phila Robinson" and "Christion Nesbit" [Doc. 4 ¶¶ 9, 10]. Accordingly, the Court uses the corrected spellings provided by Defendants throughout this Opinion and Order.

52-1 ¶ 4.] On January 25, 2023, Nesbit conducted a face-to-face visit with the family. [Doc. 52-1 ¶ 7.] On February 7, 2023, Robinson and Nesbit conducted a post-initial contact supervisory case consultation. [*Id.* ¶ 9.] As a result of that consultation, SCDSS determined that a follow-up step would be to refer Plaintiff for a forensic interview. [*Id.*]

Plaintiff received a medical forensic examination on March 14, 2023, and, as part of the examination, the physician conducted a genital examination (the "Examination"). [*Id.* ¶¶ 13–14.] Ultimately, SCDSS determined that the case was unfounded. [*Id.* ¶ 17.]

Plaintiff asserts four claims against Defendants, arguing that the manner in which the Examination was performed breached a duty of care owed to Plaintiff and violated her rights under the United States Constitution. [Doc. 1-1.] Plaintiff's first two claims, brought under the South Carolina Tort Claims Act ("SCTCA"), assert that SCDSS was negligent and grossly negligent in authorizing an invasive physical examination of Plaintiff and in failing to inform or gain consent of Plaintiff's legal custodian or a court order for the Examination. [*Id.* at 11–13 ¶¶ 60–74.] Plaintiff also alleges, pursuant to 42 U.S.C. § 1983, that Robinson, Nesbit, and Michael Leach[4] violated her Fourteenth Amendment rights by subjecting her to the Examination. [*Id.* at 14–18 ¶¶ 75–102.] Plaintiff seeks actual and punitive damages, attorneys' fees and costs, and declaratory and injunctive relief. [*Id.* at 18–19.]

## **APPLICABLE LAW**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

---

[4] Defendant Leach is the State Director of SCDSS. [Docs. 1-1 at 3 ¶ 8; 4 ¶ 8.]

3

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id*. at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id*. at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id*.  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Id*. at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id*.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

4

> (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Defendants argue they are entitled to summary judgment because the evidence, taken in the light most favorable to Plaintiff, fails to show that Defendants acted negligently or violated Plaintiff's constitutional rights.  [Doc. 46-1.]  The Court agrees and grants Defendants' motion for the reasons set forth below.

**Negligence and Gross Negligence Claims**

Defendants argue that Plaintiff's negligence claims against SCDSS fail under the SCTCA because the evidence does not show that SCDSS acted in a negligent fashion.  [*Id.* at 5.]  More specifically, they argue that the testimony of Plaintiff's expert shows that SCDSS "investigated the matter and, pursuant to statutory law, referred the matter to the Children's Advocacy Center for a forensic interview and forensic medical exam" and that, although Plaintiff criticizes the manner in which the Examination was conducted, it "was performed by a pediatrician employed by Prisma Health whom DSS did not control who determined the scope and manner of the [Examination]."  [*Id.*]  In response, Plaintiff

5

argues that SCDSS's willful blindness is not excusable, that Plaintiff has shown SCDSS's breach of duty as a matter of law, and that SCDSS has a nondelegable duty to prevent unnecessary and unwarranted genitourinary exams on children when there is no evidence or suspicion of sexual abuse.[5]  [Doc. 52 at 5–9.]

The SCTCA is the exclusive remedy for torts committed by employees of state agencies.  S.C. Code Ann. § 15-78-70(a).  Under the SCTCA, state agencies are liable for their torts "in the same manner and to the same extent" as private individuals.  *Id*. § 15-78-40.  The SCTCA, however, carves out several exceptions to this general waiver of immunity.  Relevant here is S.C. Code Ann. § 15-78-60(25), which provides that a "governmental entity is not liable for a loss resulting from . . . responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any . . . patient . . . or client of any governmental entity, *except when the responsibility or duty is exercised in a grossly negligent manner*."  S.C. Code Ann. § 15-78-60(25) (emphasis added).  "Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Etheredge v. Richland Sch. Dist. One*, 534 S.E.2d 275, 277 (S.C. 2000).  In other words, "[i]t is the failure to exercise slight care."  *Id*.  Although whether conduct constitutes gross negligence is normally a mixed question of law and fact, "when the evidence supports but one reasonable inference, the question becomes a matter of law for the court."  *Id*.

The Court has reviewed the record and finds no issue of material fact as to whether SCDSS was grossly negligent in referring Plaintiff for a forensic medical exam as part of

---

[5] With respect to Plaintiff's argument regarding the nondelegable duty doctrine, as Defendants explain in reply [Doc. 53 at 3–4], South Carolina law prohibits the application of the non-delegable duty against the sovereign.  *See* S.C. Code. § 15-78-60(20).

its investigation into a report of abuse.  The evidence before the Court shows that SCDSS acted in accordance with child abuse response protocol in ordering the Examination [*see* Doc. 46-2], and that it was the medical provider, *not* SCDSS, who determined the extent and nature of the Examination [*see* Doc. 46-7 at 4–5 (31:25–32:24) (Plaintiff's expert's testimony that this case involved allegations of sexual abuse, that SCDSS is required by law to investigate complaints of child abuse and refer those cases the Children's Advocacy Center, that she had no criticism of SCDSS's investigation in this case, and that her criticism is about what happened at the Children's Advocacy Center after SCDSS referred the case)].  Plaintiff fails to explain how the evidence in this case supports a finding of gross negligence by SCDSS.  Without such evidence, the Court cannot conclude that there is a question of material fact at issue regarding Plaintiff's negligence claims, and summary judgment is therefore appropriate.

**Section 1983 Claim**[6]

The Court next turns to Plaintiff's claim under 42 U.S.C. § 1983.  Section 1983 provides a private cause of action for constitutional violations by persons acting under color of state law.  The statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted).  Accordingly, a civil action

---

[6] Although the Complaint purports to assert two § 1983 claims, Plaintiff's fourth cause of action is for "Injunctive Relief Pursuant to 42 U.S.C. § 1983." [Doc. 1-1 ¶¶ 90–102.] Because there is no such cause of action under the law, *see In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, No. 3:11-cv-02784-JMC, 2013 WL 1316562, at *11 (D.S.C. Mar. 27, 2013) ("A claim for a declaratory judgment or injunctive relief is actually a claim for an alternative remedy, not a separate and independent cause of action."), the Court treats Plaintiff's third and fourth causes of action as one § 1983 claim seeking both monetary and injunctive relief.

7

under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief . . . ." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Plaintiff alleges that Defendants violated her Fourteenth Amendment rights by subjecting her to the Examination.[7] [Doc. 1-1 ¶¶ 75–102.] In their motion for summary judgment, Defendants argue that the evidence, taken in the light most favorable to Plaintiff, does not show that Defendants violated Plaintiff's constitutional rights.

---

[7] Plaintiff's § 1983 claim is not entirely clear. It refers only to the Fourteenth Amendment but alleges that the constitutional rights at issue include Plaintiff's rights to due process, to family integrity and autonomy, to be free from unnecessary search and seizure, and to be free from cruel and unusual punishment. [Doc. 1-1 ¶¶ 75–102.] To the extent Plaintiff alleges that the Examination itself violated her constitutional right to be free from unnecessary search and seizure [*id.* ¶¶ 76, 83, 97], the claim would be analyzed under the Fourth Amendment. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (holding that "if a constitutional claim is covered by a specific [federal] constitutional provision, such as the Fourth . . . Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process"); *Tenenbaum v. Williams*, 193 F.3d 581, 605–06 (2d Cir. 1999) (holding that a medical examination of a child's vagina and surrounding areas for evidence of sexual abuse constituted a search within the meaning of the Fourth Amendment). However, Plaintiff has not produced evidence of any act taken by any Defendant that violated the Fourth Amendment—if anything, any alleged infringement on Plaintiff's right to be free from unreasonable search and seizure would have been by the medical provider who performed the Examination, not by Defendants. *See Herrera v. Finan*, 176 F. Supp. 3d 549, 568–69 (D.S.C. 2016) ("Personal participation of a defendant is a necessary element of a § 1983 claim against a government official . . . ."), *aff'd*, 709 F. App'x 741 (4th Cir. 2017). And Plaintiff cannot assert a claim against Defendants for actions taken by the medical provider but must have evidence that Defendants' own actions violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). To the extent Plaintiff alleges that the Examination amounted to punishment, the claim would be analyzed under the Fourteenth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.").

[Doc. 46-1 at 5.]  In response, Plaintiff references the American Academy of Pediatrics' text, *Medical Evaluation of Child Sexual Abuse: A Practical Guide*, 4th Edition (2019), for the proposition that standard sexual abuse protocols prohibit a medical provider from conducting a sexual abuse examination absent evidence of sexual abuse and, thus, the Examination violated a clearly established constitutional right.  [Doc. 52 at 16–20.]

The Court concludes that no reasonable juror could find that Defendants' referral of Plaintiff for a forensic medical examination in response to allegations of abuse violated her due process rights under the Fourteenth Amendment.  The Constitution bars states from "depriv[ing] any person of life, liberty, or property, without due process of law."  *See* U.S. Const. amend. XIV, § 1.  This provision "includes a substantive component that provides heightened protection against government interference with certain fundamental rights and liberty interests."  *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion) (internal quotation marks omitted).  Substantive due process prohibits only the most egregious and arbitrary governmental conduct that "shocks the conscience."  *See County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).  Conduct that shocks the conscience is "abusive or oppressive" in purpose and without "justification by any government interest."  *Susan Virginia Parker v. Henry & William Evans Home for Children, Inc.*, 762 F. App'x 147, 156 (4th Cir. 2019) (internal quotation marks omitted).  "Defining conduct that shocks the conscience does not draw on any traditional standard of liability from tort law but rather refers, as a constitutional construct of substantive due process, to conduct *intended to injure* in some way unjustifiable by any government interest."[8]  *Slaughter v.*

---

[8] As the Fourth Circuit noted in *Slaughter*, "a lower level duty of culpability may amount to a substantive due process violation in those situations where the government is

9

*Mayor of Balt.*, 682 F.3d 317, 321 (4th Cir. 2012) (emphasis added) (internal quotation marks omitted). "While it is clear that intentionally harmful conduct may constitute a violation of the Fourteenth Amendment, it is equally clear that negligence alone does not amount to a constitutional violation." *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001).

Here, Plaintiff offers no evidence that any Defendant sought to intentionally harm her by referring her for a medical examination in response to allegations of abuse. Indeed, the only evidence before the Court is that Defendants took such actions in an effort to *prevent* further harm to Plaintiff as required by law. [*See* Docs. 46-2; 46-7 at 4–5 (31:25–32:24).] As a result, no reasonable juror could find that any Defendant's conduct "shock[ed] the conscience" so as to amount to a constitutional violation. *Cf. Parker*, 762 F. App'x at 156–58 (affirming the district court's dismissal of Fourteenth Amendment claims against department of social services case workers because the case workers' conduct in removing children from their parents' home in response to evidence of child abuse did not shock the conscience, despite allegations that they failed to conduct a reasonable investigation). Accordingly, Defendants are entitled to summary judgment on Plaintiff's § 1983 claim.[9]

---

required to take care of those who have already been deprived of their liberty." 682 F.3d at 321. However, the record in this case does not support a finding that Plaintiff had already been deprived of her liberty at the time she was referred for the forensic medical examination. Nor does Plaintiff appear to contend that a lower level of culpability applies to her. [*See generally* Doc. 52.]

[9] Because the Court concludes that Defendants are entitled to summary judgment on Plaintiff's § 1983 claim for these reasons, the Court declines to address the parties' additional arguments.

**CONCLUSION**

Wherefore, based upon the foregoing, Defendants' motion for summary judgment [Doc. 46] is GRANTED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>
United States District Judge

February 23, 2026
Columbia, South Carolina